IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Case No. 99 CR 50004-1 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Michael Hill, ) | |
| ) | Judge Philip G. Reinhard |
| Defendant. ) | |
| ) | |

## ORDER

For the reasons stated below, defendant Michael Hill's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) [71] is denied.

## STATEMENT-OPINION

On April 1, 1999, defendant Michael Hill ("Hill") pled guilty to one count of being a felon in possession of a firearm (count 7), one count of carrying a firearm during and in relation to a drug trafficking offense (count 6), and one count of possessing with the intent to distribute 45.7 grams of crack cocaine (count 5). [16]-[17]. On July 9, 1999, the court sentenced Hill to a combined term of 276 imprisonment followed by 5 years of supervised release (216 months concurrent on counts 6 and 7 and 60 months consecutive on count 5). [20]. The guideline range for counts 6 and 7 was 188 to 235 months based upon Hill's status as both a Career Offender under Guideline § 4B1.1 and an Armed Career Criminal under Guideline § 4B1.4.

Hill filed his first motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) on February 28, 2008. [49]. In that motion, Hill argued that retroactive Amendments 599 and 706 warranted a reduced sentence. In denying the motion, the court explained that the retroactive crack cocaine amendments were inapplicable to Hill because of the operation of another guideline or statutory mandatory minimum. [58]. Hill appealed, but the Seventh Circuit affirmed this court's decision on March 18, 2009. [68].

On September 9, 2013, Hill filed his second motion pursuant to 18 U.S.C. § 3582(c)(2). [71]. In this motion, Hill argues his sentence should be reduced pursuant to Amendment 750.

Having reviewed Hill's motion, the Government's response, the original Presentence Investigation Report, and the Special Report of the Probation Officer, the court finds Amendment 750 is inapplicable for the same reasons Amendments 706 and 599 were inapplicable.

In *United States v. Forman*, 553 F.3d 585, 589-90 (7th Cir. 2009), the Seventh Circuit explained that a crack cocaine offender sentenced under the career offender guideline range is not eligible for a reduced sentence under 3582(c)(2). 553 F.3d at 589-90. While Amendment 750 has been made retroactive and reduces base offense levels for defendants convicted of certain crack cocaine offenses, the Amendment does not change the career offender guideline range. *Id.*; *see also United States v. Guyton,* 636 F.3d 316, 320 (7th Cir. 2011). Thus, because Hill is both a "Career Offender" and an "Armed Career Criminal" subject to United States Sentencing Guidelines, §§ 4B1.2 and 4B1.4, his guideline range remains the same. The operation of these guidelines make Amendment 750 inapplicable and thus make a reduced sentence unavailable. *See* § 1B1.10, app. note 1. (A).

For the reasons stated above, defendant's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) [71] is denied.

Date:10/16/2013                    ENTER:

*[signature: Philip G. Reinhard]*

United States District Court Judge

Notices mailed by Judicial Staff
(LC)